## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

Kevin Meyer,                           )
                                    )
       Plaintiff,                )
                                      )
       v.                      )     No.  2:21-cv-2499
                                        )
Central States Recovery, LLC, a     )
Kansas limited liability company,    )
                                      )
       Defendant.             )     <u>Jury Demanded</u>

## COMPLAINT

Plaintiff, Kevin Meyer, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendant's collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction, pursuant to § 1692k(d) of the FDCPA and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, b) Defendant resides and transacts business here.

### PARTIES

3.     Plaintiff, Kevin Meyer ("Meyer"), is a resident of the State of Kansas, from whom Defendant attempted to collect a defaulted consumer debt that he allegedly owed to Alliance Radiology.

4.     Defendant, Central States Recovery, LLC ("Central"), is a Kansas limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA,

because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate. Central operates a defaulted debt collection business, and attempts to collect debts from consumers in several states, including consumers in the State of Kansas. In fact, Defendant Central was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

## FACTUAL ALLEGATIONS

5.      Due to financial difficulties, Plaintiff was unable to pay his debts, including a debt he allegedly owed to Alliance Radiology. Sometime after this debt went into default, Defendant Central attempted to collect this debt from him via negative credit report. Unsure about Defendant Central, and unsure about the debt, Mr. Meyer sent Central a letter on July 20, 2021, telling it that he disputed the debt that it was trying to collect from him and that it should cease contacting him. A copy of Mr. Meyer's letter is attached as Exhibit A.

6.      This letter was sent via U.S. Certified Mail, Return Receipt Requested to Defendant's address and was received by Defendant on July 22, 2021. A copy of the tracking receipt is attached as Exhibit B.

7.      On October 14, 2021, Mr. Meyer obtained and reviewed a copy of his Equifax credit report, which showed that Defendant Central had continued to report the Alliance Radiology debt, but had failed to note that the debt was disputed. The pertinent part of Mr. Meyer's Equifax credit report is attached as Exhibit C.

8.       Plaintiff's credit report was viewed by additional potential creditors after he had sent his dispute of the Alliance Radiology debt to Defendant.

9.      Defendant's violations of the FDCPA were material because Defendant's

failure to note that the debt was disputed when Defendant reported, or continued to report, the debt on Plaintiff's credit report harmed his credit reputation, impaired his credit rating and his ability to obtain credit. Moreover, Defendant's failure to note, when reporting the debt on Plaintiff's credit report, that the debt was disputed made it appear to Plaintiff that he did not actually have the right to dispute the debt. Defendant's collection actions alarmed, confused and emotionally distressed Mr. Meyer. Moreover, Defendant's violations of the FDCPA impacted Plaintiff's credit score and his credit reputation, and his credit report was later viewed by additional potential creditors.

10.     All of Defendant's collection actions at issue in this matter occurred within one year of the date of this Complaint.

11.     Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard, see, Kalebaugh v. Berman & Rabin, P.A., 43 F.Supp.3d 1215, 1220-1222 (D.Kan. 2014); Covington v. Franklin Collection Servs., 2016 U.S.Dist.LEXIS 103601 at [*5]-[*6] (D.Kan 2016).

**COUNT I**
**Violation Of § 1692e Of The FDCPA –**
**False or Misleading Representations**

12.     Plaintiff adopts and realleges ¶¶ 1-11.

13.     Section 1692e of the FDCPA prohibits debt collectors from using any false, deceptive or misleading means to collect or attempt to collect a debt, including, but not limited to, communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed, see 15 U.S.C. § 1692e(8)("… the following conduct is a violation of this section … including the failure to communicate

that a disputed debt is disputed …"); <u>see also</u>, <u>Evans v. Portfolio  Associates</u>, 889 F.3d

337, 346 (7th Cir. 2018); <u>Sayles v. Advanced Recovery Systems</u>, 865 F.3d 246, 249-

250 (5th Cir. 2017); and <u>Brady v. Credit Recovery</u>, 160 F.3d 64, 65 (1st Cir. 1998).

14.     Defendant, by continuing to report the debt to a credit reporting agency,

when it knew the debt was disputed by Plaintiff, and by failing to report that the debt

was disputed, used false, deceptive or misleading means to collect or attempt to collect

debts, in violation of § 1692e(8) of the FDCPA.

15.     Defendant's violation of § 1692e(8) of the FDCPA renders it liable for

actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. §

1692k.

**COUNT II**
**Violation Of § 1692f Of The FDCPA --**
**Unfair Or Unconscionable Collection Actions**

16.     Plaintiff adopts and realleges ¶¶ 1-11.

17.     Section 1692f of the FDCPA prohibits a debt collector from using any

unfair or unconscionable means to collect or attempt to collect a debt, <u>see</u>, 15 U.S.C. §

1692f.

18.     Defendant, by continuing to report the debt to a credit reporting agency,

when it knew the debt was disputed by Plaintiff, and by failing to report that the debt

was disputed, used unfair or unconscionable means to collect, or attempt to collect,

debts, in violation of § 1692f of the FDCPA.

19.     Defendant's violation of § 1692f of the FDCPA renders it liable for

actual and statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. §

1692k.

**PRAYER FOR RELIEF**

Plaintiff, Kevin Meyer, prays that this Court:

1.      Find that Defendant's collection practices violate the FDCPA;

2.      Enter judgment in favor of Plaintiff Meyer, and against Defendant, for

actual and statutory damages, costs, and reasonable attorneys' fees as provided by §

1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Kevin Meyer, demands trial by jury.

Kevin Meyer,

Dated: November 1, 2021                    By: /s/ James R. Crump_____
                                           One of Plaintiff's Attorneys

                                           By: /s/ David J. Philipps_____
                                           One of Plaintiff's Attorneys

James R. Crump      (#78704)
Ryan M. Callahan    (#25363)
Callahan Law Firm, LLC
222 West Gregory
Suite 210
Kansas City, Missouri 64114
(816) 822-4041
james@callahanlawkc.com
ryan@callahanlawkc.com

David J. Philipps      (Ill. Bar No. 06196285)(pro hac vice pending)
Mary E. Philipps       (Ill. Bar No. 06197113)(pro hac vice pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com